Stephanelli *v.* Yuhas (et al., Appellant).

574

Submitted March 8, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and RHODES, JJ.

*John M. Kelly* and *Francis D. Mahon,* for appellant.

*A. A. Vosbury* and *A. Floyd Vosburg,* for appellee.

OPINION BY PARKER, J., June 26, 1939:

The plaintiff, Angelo Stephanelli, recovered a judgment against the defendant, George Yuhas, for personal injuries sustained as a result of a collision with an automobile owned by Jean Walsh and driven by Yuhas. An attachment execution was issued summoning as garnishee the American Casualty Company which carried insurance on the Walsh car. A jury trial was waived and the trial judge after hearing found for the plaintiff. Exceptions were filed and the court below entered judgment for the plaintiff against the garnishee. The insurance company has appealed to this court.

A policy of insurance issued by the garnishee to Jean Walsh, the owner of the automobile and in force at the time of the accident, contained a so-called omnibus clause which provided in part as follows: "Except

that the terms and conditions of this policy shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station and the agents and employees thereof." It was stipulated between the parties that "under the terms of the omnibus clause in said policy, an accident of the kind involved in this case was covered, unless within the exception above stated." This limits the controversy to a question as to whether Yuhas at the time of the accident was the agent or employee of Charles Walsh who was then conducting an automobile repair shop. With respect to this contention the trial judge found: "The defendant, George Yuhas, at the time he was driving the car insured by the garnishee, and at the time of the accident resulting in personal injuries to the plaintiff, was not an agent or employe of any public automobile garage, automobile repair shop, automobile sales agency or automobile service station." It is necessary to examine the facts in some detail in order to ascertain whether the evidence will support that conclusion.

Charles Walsh conducted an automobile repair shop and George Yuhas was employed as a driver of a truck by Pennsylvania Hide & Leather Company. On the day of the accident the truck broke down and Yuhas took it to the repair shop for service. It was found that a tie bolt was needed to make the repairs and Walsh did not have one in stock so that it was necessary to obtain it from a supply house in Scranton. After some conversation between the two, Yuhas stated that he had to go into Scranton to get his pay check and Walsh asked Yuhas to get the tie bolt and Yuhas agreed to do so. Walsh then gave Yuhas permission to use the automobile of Walsh's wife, Jean Walsh, to make the trip. While on the way to get the tie bolt and the pay check, the accident occurred.

Yuhas testified that he had driven Mrs. Walsh's car on a number of occasions and that she had told him

that he could use it any time, although he also stated that he did not take it without first asking Mr. Walsh. However, under the stipulation referred to, we must assume that the car was used with the permission of the owner from which it is apparent that the only matter in controversy is whether the plaintiff is deprived of a right of recovery by the exception in the omnibus clause.

It seems clear beyond question that Yuhas did not take himself out of the course of his employment by Pennsylvania Hide & Leather Company in making the trip into Scranton to secure a part necessary to repair his employer's truck. The truck was out of service and it is a reasonable inference that it was part of the regular duties of Yuhas to his employer to make any reasonable effort to expedite the repairs and thus reduce the time the vehicle would be out of service. The offer of Yuhas to get the part and thus save the loss of time of employee and truck was precisely what would have been expected of a conscientious and competent employee in the performance of his appointed task. There was more reason to so infer when we consider that he was at that same time required to go to practically the same destination to secure his pay check and that Yuhas was then being paid by the leather company for his time.

However, it must be admitted that even though Yuhas was being paid for his time by the leather company and even though he was performing service for it, such facts are not conclusive of the controversy. One may be a servant of two masters and be "acting within the scope of his employment by each at the instant and in the performance of the same act": *Koontz v. Messer,* 320 Pa. 487, 492, 181 A. 792, 794. Also see *Gordon v. Byers M. Car Co.,* 309 Pa. 453, 164 A. 334; Restatement, Agency, §226. Consequently, we must under the circumstances inquire whether Yuhas was also the agent of Charles Walsh. More precisely, the inquiry is

under whose control and supervision Yuhas was when the accident happened.

Viewing the facts from this angle we find no evidence to support a finding that Charles Walsh had any control over Yuhas as to the manner in which the car should be operated or as to the manner in which the act of securing the tie bolt should be executed. The relation of Charles Walsh to Yuhas was limited by the direction that he should get the bolt and bring it to the repair shop. A comparable situation was presented in *Lang v. Hanlon*, 302 Pa. 173, 153 A. 143. There one undertaker loaned a car and driver to another undertaker for a funeral. Both were made defendants in an action for personal injuries. The Supreme Court there said that if "the bailee had no authority over the car or driver except to direct where its place in line was and where to drive, then the owner is liable for an injury caused to a third person by the negligence of the driver." Also see *Funston v. Ingenito*, 282 Pa. 124, 127 A. 470. Charles Walsh did not pay Yuhas for his services and Yuhas did not use Walsh's car, but he did use the car of a third person, Jean Walsh, by her authority.

On the other hand, there was abundant evidence to show that Yuhas was under the control and direction of the leather company just as he was when regularly driving the truck for there was no break in the continuity of his employment. In short, Yuhas, as part of his duty to the leather company and in the scope of his employment with that concern, undertook to get the tie bolt primarily for the benefit of his employer rather than for the benefit of Walsh. However, it is not controlling that Walsh might have derived some benefit from the act.

If, under the same circumstances detailed here, one John Smith had brought his car to Walsh for repair and Walsh had said that he would repair it if Smith would get a part necessary to make the repair, we do not believe that anyone would contend that Smith thereby

became the agent of the repairman. *The only difference* between that situation and the present one is that Yuhas, as he had a right to do, assumed to act for his employer in securing the necessary bolt.

We are all of the opinion that the evidence was sufficient to support the finding of the trial judge that Yuhas was not an agent or an employee of Charles Walsh. Such being the case, the defense of the insurance company fails.

The judgment is affirmed at the cost of the appellant.