434 A.2d 164

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**James P. WALTER, Thomas W. MacNeel, State Farm Mutual Automobile Insurance Company, Terry L. Fetter, Richard J. Restifo and William Meyers, T/A, Bucks County Imports.**

Superior Court of Pennsylvania.

Argued September 9, 1980.

Filed Aug. 21, 1981.

130

William T. Renz, Doylestown, for appellant.

Frederick E. Smith, Jr., Philadelphia, did not file a brief on behalf of Walter, appellee.

Richard Giannini, Jr., Doylestown, for MacNeel, appellee.

Glenn D. Hains, Morrisville, for State Farm, appellee.

Thomas F. J. MacAniff and Kenneth R. Williams, Doylestown, for Fetter, appellee.

Joseph V. Restifo, Philadelphia, did not file a brief on behalf of Restifo, et al., appellees.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Appellant, Nationwide Mutual Insurance Company, filed a petition under the Declaratory Judgment Act, Act of June 18, 1923, P.L. 840, § 1, as amended, 12 P.S. § 831 et seq. to have the court construe certain clauses in a policy of insurance issued by appellant to James P. Walter, one of the appellees before this Court. Following a hearing before Judge Ludwig an adjudication and decree nisi were filed. The court found that Nationwide Mutual Insurance Company was obligated under the automobile liability insurance

policy issued to James P. Walter to defend and protect James P. Walter, Terry L. Fetter, Thomas W. MacNeel, Richard J. Restifo, and William Meyers, individually and trading as Bucks County Imports, in regard to an automobile accident which occurred on October 7, 1972. Appellant's exceptions to the adjudication and decree nisi were dismissed and following entry of final decree appellant has filed an appeal with this Court.

The automobile insurance policy issued by the appellant to Mr. Walter contains two clauses which were involved in the proceedings under the Declaratory Judgment Act. The first clause under consideration in the policy contained the following omnibus clause:

To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading, of the described automobile because of:

(2) bodily injury, sickness, disease or death of any person except for liability under any workmen's compensation law. Those entitled to protection under these Coverages c(1) and c(2) are (a) the Policyholder; (b) any resident of the same household; and (c) any person or organization legally responsible for the use of the described automobile, provided the actual operation or (if he is not operating) the other actual use thereof is with the permission, expressed or implied, of the Policyholder or his spouse is such a resident.

The insurance policy also contained the following exclusionary provision which was set forth in the petition for declaratory judgment:

There shall be no protection afforded (2) under Coverages C(1), C(2), D(1) and D(2), to any person or organization or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any occurrence arising out of the operation thereof.

In addition the policy contained the following condition:

c. Condition 9: 'Such terms [of the policy] as are in conflict with statutes of the state in which this policy is issued are hereby amended to conform.'

James P. Walter, to whom the policy was issued was a resident of Milford, New Jersey. On June 29, 1972, Mr. Walter was the owner of a 1962 Austin Healy automobile, and on that date the appellant issued to him the insurance policy involved in this case. Not long afterwards Mr. Walter decided to sell his car. He attempted to sell it himself by advertising it in the newspapers but was unsuccessful. He was acquainted with Mr. Fetter, who was employed by Bucks County Imports located in Plumsteadville, Bucks County, Pennsylvania. Bucks County Imports was a used car sales agency and Mr. Fetter told Mr. Walter that he was sure they could sell the car for him. Mr. Walter delivered his car to Bucks County Imports and it was agreed that the company would attempt to sell the car for him and that upon its sale he would be paid $600.00 and the balance of the sales price would be retained by Bucks County Imports as its commission. Mr. Walter signed his title certificate in blank and gave it and the registration card to Bucks County Imports. The name of the buyer was left blank to be filled in after a buyer was found for the car. After some time had passed Walter became concerned because Bucks County Imports had not found a buyer. He went to the dealer and said that he would accept $400.00 rather than $600.00 for the car and they could receive whatever was left over after the car was sold.

On October 7, 1972, the car was still unsold. On that date Mr. MacNeel, who was interested in buying the car, stopped by the office of Bucks County Imports to make inquiry. This was about 10 p. m. and after waiting until Mr. Fetter was available, Fetter and MacNeel went for a demonstration ride in the automobile and while so engaged the car was involved in an accident. As a result of the accident Mr. MacNeel and Mr. Fetter suffered personal injuries. The court below found that at the time of the accident Fetter was an agent acting on behalf of Richard J. Restifo and

William M. Meyers, individually and trading as Bucks County Imports. It further found that Bucks County Imports and Fetter were acting as agents for Walter and that the vehicle was being operated with Walter's consent. It is undisputed that the insurance policy in question was in full force and effect when the accident occurred.

After the accident Mr. Walter was notified by State Farm Mutual Automobile Insurance Company, an appellee herein, that a claim would be made on behalf of Thomas W. MacNeel against him. Walter notified his insurance carrier, the appellant, and as a result a petition for declaratory judgment was filed to determine if the appellant was required to defend Walter, Fetter and Meyers and Restifo trading as Bucks County Imports.

■■■ There was some discrepancy in the testimony, especially as to whether Walter left his license plates on the car when he delivered it to Bucks County Imports to be sold by them. There was also a dispute as to whether Fetter or MacNeel was operating the car at the time of the accident and the Chancellor made no findings of fact concerning that issue. However, the chancellor's findings of fact approved by the court en banc have the force and effect of a jury's verdict if supported by adequate evidence. *Aiken Industries, Inc. v. Estate of Wilson*, 477 Pa. 34, 383 A.2d 808 (1978). The facts as found by the chancellor, and approved by the court en banc, were supported by the evidence and are therefore binding on us.

■■■ Our initial inquiry concerns the validity of the exclusionary provisions under New Jersey law, the state where the policy was issued to Mr. Fetter in June, 1972, and Pennsylvania law, the state where the accident occurred in October, 1972. The policy of insurance excludes protection to a "sales agency."

Since the court below found that Bucks County Imports was a sales agency of used cars and was acting as agent for Mr. Walter in the sale of the Austin Healy and that Fetter was the agent of Bucks County Imports, then Richard J.

Restifo and William Meyers, trading as Bucks County Imports and Mr. Fetter as an agent and employee of Bucks County Imports, would not be entitled to protection because of the exclusionary provision, unless it is invalid in this case. The type of exclusionary clause found in the insurance policy issued to Mr. Walter is not valid in the State of New Jersey. "The New Jersey courts have consistently invalidated insurance clauses purporting to restrict the 'omnibus coverage'." *McFarland v. Motor Club of America Insurance Co.*, 120 N.J.Super. 554, 558, 295 A.2d 375, 378 (1972). Under the New Jersey Motor Vehicle Security-Responsibility Law, N.J. S.A. 39:6–46(a) coverage issued to an insured must extend to "any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured ..." The case of *Unsatisfied Claim and Judgment Fund Board*, 117 N.J.Super. 5, 283 A.2d 350 (1971) involved a declaratory judgment proceeding to determine the validity of an exclusionary clause in an automobile liability policy and its effect on the omnibus clause of the policy. The court pointed out at 117 N.J.Super. 8, 283 A.2d 352:

> The Motor Vehicle Responsibility Law requires that any liability insurance policy issued in this State shall designate the motor vehicle which is to be covered, and "insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured * * *." N.J.S.A. 39:6–46. This statute also prohibits any conflict between the form of the policy and the provisions of the act. N.J.S.A. 39:6–48.

The court held that to the extent the exclusionary clause had the effect of limiting the protection afforded to the permitted user under the omnibus clause, it was invalid.

In the instant case Walter's automobile was being operated with his implied consent, as the purpose of Mr. Fetter demonstrating the car to Mr. MacNeel was to aid in the sale of the car for Walter, which was the sole reason Bucks County Imports was in possession of the automobile. Under

New Jersey law the exclusionary clause would be ineffective.

Pennsylvania, in contrast to New Jersey, has not held a garageman's exclusion to be invalid. *See Stephanelli v. Yuhas*, 135 Pa.Super. 573, 7 A.2d 124 (1939); *Bechler v. Olivia*, 400 Pa. 299, 161 A.2d 156 (1960). However, as the court below pointed out, at the time the policy was issued, Pennsylvania law did not require automobile insurance as a prerequisite for obtaining title to a motor vehicle, but only proof of financial responsibility. Pennsylvania courts have not specifically ruled on the validity of an exclusionary clause such as we have in this case, as a matter of public policy. Nor are we faced with that decision, as we conclude that under the doctrine of conflict of laws, or choice of law, that New Jersey law is applicable in this case.

The case of *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964) laid to rest the lex loci delecti rule that had existed in Pennsylvania for many years. That rule provided that the law of the place of wrong determines whether a person has sustained a legal injury. The Supreme Court stated in 416 Pa. 31, 203 A.2d 805:

Thus, after careful review and consideration of the leading authorities and cases, we are of the opinion that the strict lex loci delicti rule should be abandoned in Pennsylvania in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court.

The court pointed out that in tort cases contacts considered vital in determining the state of most significant relationship include place of injury, place of conduct, domicile of the parties, and the place where the relationship between the parties is centered. The *Griffith* case dealt with choice of laws problems arising in tort actions. Our inquiry goes to the law to be applied in a contract case. As stated in *Melville v. American Home Assurance Company*, 584 F.2d 1306 (3rd Cir. 1978):

The threshold task in this analysis is to determine whether the flexible conflicts methodology adopted by the

Pennsylvania Supreme Court for tort actions in *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), has been extended to contract actions. Although no Pennsylvania case clearly so holds, we think, as explained below, that the evolution of Pennsylvania conflicts decisions ineluctably leads to the conclusion that the *Griffith* approach will be employed in contract actions when the occasion arises.

■ In this contract case, the state having the most vital contacts with the policy of insurance involved was New Jersey. The policy was issued in New Jersey by the appellant in June, 1972, to Mr. Walter, a resident of New Jersey. It was issued for the twofold purpose of giving insurance protection to Mr. Walter and others as set forth in the policy, and to comply with the requirements set forth in the New Jersey Motor Vehicle Security Responsibility Statute, *supra.* No matter where Mr. Fetter drove his car or gave consent to others to operate his vehicle, he had the right to expect that his policy conformed to New Jersey law and that the laws of New Jersey would apply in interpreting the policy. Pennsylvania had no contact with the transaction involving the insurance policy. It was by mere happenstance that the automobile was involved in an accident while located in Pennsylvania. As noted in *Griffith v. United Airlines, Inc.*, 416 Pa. 24, 203 A.2d 806: "[T]he site of the accident purely fortuitous."

Appellant argues, and we agree, that to determine the state whose law should be applied, we must look to the contacts with each of the states involved. The appellant is an Ohio corporation registered to do business in Pennsylvania. None of the parties involved in this case contends that Ohio has sufficient contacts with the case to make Ohio law applicable. Appellant argues that Pennsylvania had the most significant contacts as the car was located in Pennsylvania when the accident occurred having been previously delivered to Bucks County Imports by Mr. Walter, the accident occurred in Pennsylvania, and both occupants of the car at the time of the accident were Pennsylvania residents.

Appellant overlooks the fact that these points of contact with Pennsylvania pertained to the alleged tort involved. We are concerned with the contract of insurance and as to the insurance policy New Jersey had the most significant contacts. The appellant issued an insurance policy to a New Jersey resident to cover an automobile located in New Jersey. The policy itself stated that any terms of the policy that are in conflict with the statutes of the state in which the policy is issued were amended to conform to the state statute. Finally, the purpose of Mr. Walter in obtaining the policy was, at least partially, to comply with the laws of New Jersey.

Apart from the flexible contacts methodology adopted in *Griffith, supra,* the law of New Jersey applies under the traditional Pennsylvania law which provides that the construction of a contract is governed by the law of the state where the contract is made. *Crawford v. Manhattan Life Insurance Company of New York,* 208 Pa.Super. 150, 221 A.2d 877 (1966). That case involved the interpretation of a life insurance policy. The court held that West Virginia law applied although it stated that the result would have been the same even if the standards enunciated in *Griffith v. United Airlines, supra,* had been applied. "Under *Griffith* the law of the state which has the most significant relationship with and interest in the occurrence and the parties would control." 208 Pa.Super. 156, 221 A.2d 881. The court considered the interest of West Virginia in determining that that state had the most significant contacts with the policy as the insured was a resident of West Virginia, the policy was solicited and delivered there, and the beneficiary resided in West Virginia.

■ Appellant also argues that Walter was not the owner "of the car at the time of the accident, as at least one month prior to the accident he entered into an agreement with Bucks County Imports for the sale of the vehicle." This argument is based on facts contrary to those found by the chancellor. The chancellor found that the car was delivered to Bucks County Imports to be sold by that firm on behalf of

Walter, and that Walter was the owner of the vehicle. The court specifically ruled that the transaction between Walter and Bucks County Imports was a bailment whereby Walter remained the owner and Bucks County Imports was an agent authorized to act for him in offering the car for sale. Further, Walter and Bucks County Imports agreed that Walter would maintain insurance on the car until it was sold. Although the question of legal title is one of law, the facts support the conclusion that title to the vehicle did not pass to Bucks County Imports or anyone else prior to the accident.

■ Appellant's final argument that Walter could not have given implied consent for Fetter to take the car out on a demonstration ride at about 11:00 p. m., is not supported by the record. Mr. MacNeel testified that he had observed the car earlier in the day at Bucks County Imports and was interested in buying it. He went to their place of business at about 10 p. m. and found it open. Mr. Fetter was busy with other matters until about 11 p. m. and at that time the car was taken out for a demonstration drive. Appellant argues that Walter's implied permission "would be limited to the reasonable expectation of Walter that this vehicle would only be operated during business hours." In this case 11 p. m. was during Bucks County Imports' business hours as the shop was still open. In this modern age of flexible work hours we cannot conclude that Mr. Walter gave no implied consent to demonstrate the car at 11 p. m. Further, the omnibus clause covered use by a person within the "permission, express or implied, of the policy holder." Under the New Jersey law once:

a person is given permission to use a motor vehicle in the first instance, any subsequent use short of theft or the like while it remains in his possession, though not within the contemplation of the parties, is a permissive use within the terms of a standard omnibus clause in an automobile liability insurance policy.

*Matits v. Nationwide Mutual Insurance Company,* 33 N.J. 488, 166 A.2d 345, 349 (1960). *See also Butler v. Bonner and Barnewall, Inc.,* 56 N.J. 567, 267 A.2d 527 (1970).

Order affirmed.