**Tonnie KNOX and Lena Knox**

v.

**STATE FARM INSURANCE COMPANY.**

**Civ. A. No. 88–3516.**

United States District Court, E.D. Pennsylvania.

Oct. 13, 1988.

William Solvibile, Philadelphia, Pa., for plaintiffs.

John McHaffie, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This contract action to recover first party benefits pursuant to an automobile insurance policy was initially commenced by plaintiffs in the Court of Common Pleas of Philadelphia County, then removed by the defendant to this court on the basis of diversity of citizenship. Presently before the court are the parties' cross-motions for summary judgment.[1] For the reasons which follow, the motion of the plaintiffs for summary judgment is denied and the motion of the defendant for summary judgment is granted.[2]

The parties have stipulated to the following facts:

1. Plaintiffs are Mr. Tonnie Knox and his wife, Mrs. Lena Knox.

2. Plaintiffs were injured in a car accident on January 13, 1987, in Philadelphia, Pennsylvania.

3. At the time of the injuries to plaintiffs from this accident, defendant, State Farm Insurance Company ("State Farm") was the servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association which insured plaintiffs' car, under a policy of insurance number J159–093–30.

4. Plaintiff, Tonnie Knox applied for a policy of car insurance through State Farm on June 19, 1985.

5. The plaintiff, Tonnie Knox applied for car insurance at defendant, State Farm's agent's (Richard J. Deniken) office of State Farm, in Pennsauken, New Jersey.

6. An employee of State Farm and agent, Richard J. Deniken, Sue Hartman, took the information for the application of insurance signed and approved by defendant's agent, Richard J. Deniken.

7. Plaintiff, Tonnie Knox signed the application for auto insurance, a copy of which is attached to this Memorandum Opinion and Order as Exhibit A.*

8. The aforementioned Sue Hartman, never requested to see a copy of plaintiff's registration card.

9. At the time the application for insurance was executed by State Farm, plaintiff Tonnie Knox lived in Pennsylvania.

10. At the time of the accident in question, plaintiff, Tonnie Knox resided with his brother in Camden, New Jersey.

11. Mr. Tonnie Knox has been employed continuously for four and one-half (4½) years at the Sandy Mac Food Co., 9108 Haddonfield Road, Pennsauken, New Jersey. Mr. Knox began to work there in 1983.

12. The "81" Ford Escort station wagon which was insured by State Farm was bought by plaintiffs, Mr. and Mrs. Tonnie Knox, on June 10, 1985 in Philadelphia, Pennsylvania.

13. The Pennsylvania license plate of the "81" Ford Escort auto that plaintiffs, Mr. and Mrs. Knox, purchased was KUB–773.

14. At the time the Ford Escort auto was purchased by Mr. and Mrs. Tonnie Knox it was registered in the Common-

---

1. Counsel for plaintiffs has actually styled his filing as "Plaintiffs' Trial Brief." However, since we directed the parties to file cross-motions for summary judgment, we shall treat the plaintiffs' filing as a motion for summary judgment.

2. With its motion for summary judgment, the defendant has filed a Motion for Leave to File an Amended Answer. In support of the motion, defense counsel states that at the time he drafted and filed defendant's original answer, he was unaware that "the policy at issue was not in fact a policy issued by State Farm Insurance Company itself, but rather was a policy issued by the New Jersey Automobile Full Insurance Under-

writing Association, by and through its servicing carrier, State Farm Insurance Co." Defense counsel seeks to correct the erroneous averments contained in defendant's original answer by filing an amended answer. In considering the defendant's motion, we are cognizant of the principle that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Howze v. Jones and Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984). Since we cannot discern any prejudice that would result to plaintiffs by allowing the defendant leave to amend, we shall grant the defendant's motion.

* EDITOR'S NOTE: Exhibit A omitted by the court for purposes of publication.

wealth of Pennsylvania to Lena Knox and Tonnie Knox.

15. Plaintiff, Tonnie Knox, never changed the state registration on the Ford Escort and it was continuously registered as a Pennsylvania auto.

16. Mr. Knox never changed the registration on his Ford Escort and he never got a new license tag for his auto.

17. From June 1985 until December 1986, plaintiffs' subject automobile was principally garaged in Pennsylvania and driven to work in New Jersey on a daily basis.

18. Plaintiff, Tonnie Knox, lived in Camden with his brother for about one and one-half (1½) months from early December, 1986 until the date of the accident, January 13, 1987.

19. Mr. Tonnie Knox applied for a New Jersey driver's permit, but never received a New Jersey driver's license.

20. After the auto accident in question, Mr. Tonnie Knox, moved back to 6013 Kingsessing Avenue, Philadelphia, Pennsylvania to take care of his injured wife temporarily who could not take care of herself or their children.

21. Mr. Tonnie Knox moved out of 6013 Kingsessing Avenue, Philadelphia, Pennsylvania on March 13, 1987, as the result of an emergency order under the Protection of Abuse Act that Mrs. Lena Knox obtained and Mr. Tonnie Knox moved to 1516 N. Newkirk Street, Philadelphia, Pennsylvania with his mother.

22. Mrs. Lena M. Knox was not present when Mr. Tonnie Knox first applied for auto insurance with State Farm.

23. Mrs. Lena M. Knox never had any dealings with State Farm prior to the accident on January 13, 1987.

24. Mrs. Lena M. Knox lived at 6013 Kingsessing Avenue, Philadelphia, Pennsylvania in 1985, 1986 and 1987.

25. Mrs. Lena M. Knox never saw a copy of the State Farm insurance policy covering the 1981 Escort automobile.

26. Since Mrs. Lena M. Knox never saw a copy of the State Farm insurance policy covering the 1981 Escort automobile, she did not know if she was a named driver on the insurance policy.

27. Defendant State Farm never addressed any mail to plaintiff, Lena Knox at the Kingsessing address in Pennsylvania before the accident on January 13, 1987.

28. Plaintiff, Lena Knox, never touched her husband's mail so she never saw a copy of State Farm's insurance policy.

29. As a result of a separation, Mr. Tonnie Knox moved out of 6013 Kingsessing Avenue, Philadelphia, Pennsylvania in June of 1986, until the day after the accident, January 14, 1987.

30. Mrs. Lena Knox incurred the following expenses as a result of the January 13, 1987 accident:

| | |
|---|---:|
| Miseracordia Hospital | $ 194.00 |
| Graduate Hospital | 3,803.81 |
| Dr. Henry Sadek | 945.00 |
| Dr. Corey Ruth | 1,645.00 |
| Medscan | 975.00 |
| X–Ray Associates | 280.00 |
| Mercy Catholic Medical Center | 29.00 |
| Radiology Associates | 31.00 |
| Mercy Catholic Medical Center | 185.00 |
| Philadelphia Diagnostic | 345.00 |
| Homeline Medical Supply | 75.00 |
| | $8,507.81 |

31. Plaintiff, Tonnie Knox, incurred the following expenses as a result of the January 13, 1987 accident:

| | |
|---|---:|
| Miseracordia Hospital | $ 127.00 |
| Dr. Henry Sadek | 1,800.00 |
| Dr. Corey Ruth | 615.00 |
| Medical College of Pa. Radiology Associates | 19.00 |
| Medical College of Pa. | 50.00 |
| Medscan | 975.00 |
| Philadelphia X–Ray | 335.00 |
| Fine Orthopedic App. | 655.00 |
| Lost Wages | 1,232.72 |
| | $5,808.72 |

32. The policy of insurance, if valid, would have provided coverage for the aforementioned medical bills.

33. Defendant State Farm paid plaintiffs' deductible coverage.

34. From June 19, 1985, plaintiff, Tonnie Knox, continued to make his periodic insurance payments to defendant, State Farm's office in Pennsauken, New Jersey.

After conducting a hearing on August 24, 1988 concerning three disputed facts, the courts makes the following Findings of Fact:

35. Plaintiff Tonnie Knox never informed defendant, State Farm's representative that he lived in Pennsylvania on June 19, 1985, the day the application was executed.

36. At the end of November or early December 1986, Mr. Knox never told State Farm Insurance Company's office in Pennsauken, New Jersey that he lived in Camden, New Jersey with his brother.

37. In December 1986, Mr. Knox never told State Farm of New Jersey that he and his wife were separated and that he had moved in with his brother, Johnny Knox, in Camden.

For the sake of completeness, the court makes the additional Finding of Fact:

38. In a letter addressed to plaintiff, Tonnie Knox, dated October 15, 1987, nine months after the date of the accident, State Farm informed Tonnie Knox that his application was deemed null and void and that his coverage had been rescinded back to June 19, 1985, the date the policy had first been executed. The letter also advised plaintiff that he had never been insured by the New Jersey Automobile Full Insurance Underwriting Association. The letter stated that at the time Tonnie Knox submitted his application for insurance in New Jersey he did not meet the eligibility requirements for the issuance by the New Jersey Automobile Full Insurance Underwriting Association as set forth in N.J.Stat.Ann. 17:30E–1 et seq. The letter stated that the reason the policy was rescinded was because the insured lived in Pennsylvania.

In considering a motion for summary judgment, we must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). *Arnold Pontiac–GMC, Inc. v. General Motors Corporation,* 786 F.2d 564, 568 (3d Cir.1986); *Fragale & Sons Bever-*

*age Co. v. Dill,* 760 F.2d 469, 472 (3d Cir. 1985); *Wolk v. Saks Fifth Avenue, Inc.,* 728 F.2d 221, 224 (3d Cir.1984); *First Jersey National Bank v. Dome Petroleum Limited,* 723 F.2d 335, 338 (3d Cir.1983). The movant has the burden of demonstrating that there are no genuine issues of material fact and all reasonable inferences from the record must be drawn in favor of the non-moving party. *Gans v. Mundy,* 762 F.2d 338, 340 (3d Cir.1985); *United Sates v. Athlone Industries, Inc.,* 746 F.2d 977, 981–82 (3d Cir.1984); *Small v. Seldows Stationary,* 617 F.2d 992, 994 (3d Cir.1980).

In view of the parties' stipulation of facts and the court's Findings of Fact, we find that there are no genuine issues as to any material fact and that this case is suitable for summary disposition.

Before we address the merits of the motions for summary judgment, it is necessary for us to determine, in a diversity action such as this, which state's law is to be applied. Since both parties cite New Jersey cases and statutes in their respective motions for summary judgment, we will assume that the parties agree that New Jersey law should govern this action. In any event, when confronted with a factual scenario similar to the one in the case *sub judice,* Pennsylvania Appellate Courts have held that Pennsylvania's Choice of Law Principles require that New Jersey law be applied to questions of contractual rights and remedies under New Jersey contracts of insurance. *See e.g., McCabe v. Prudential Insurance Co.,* 356 Pa.Super. 223, 514 A.2d 582 (1986); *Caputo v. Allstate Insurance Co.,* 344 Pa.Super. 1, 495 A.2d 959 (1985); *Nationwide Mutual Insurance Co. v. Walter,* 290 Pa.Super. 129, 434 A.2d 164, 167–68 (1981).

Turning our attention to the merits of the motions for summary judgment, we note that the New Jersey Automobile Full Insurance Underwriting Association insured plaintiffs' vehicle under a policy of insurance number JL159–093–30. Stipulation of Facts # 3. As such, the policy is governed by the provisions of the New Jersey Automobile Full Insurance Avail-

ability Act ("the Act"), N.J.Stat.Ann. 17:30E–1 et seq. The Act provides, in pertinent part, as follows:

17:30E–7. Powers and duties

Pursuant to the plan of operation, the association [New Jersey Automobile Full Insurance Underwriting Association] shall have the power and duty to:

b. Sue or be sued in the name of the association, including taking any legal actions necessary or proper for recovery of any assessments for, on behalf of, or against members. A judgment against the association *shall not create any direct liability against the servicing carrier,* ... (emphasis added)

N.J.Stat.Ann. 17:30E–7(b). The Act further states that:

e....Each servicing carrier shall issue policies in the name of the servicing carrier, on behalf of the association, to the extent the plan of operation provides. *Servicing carriers, as agents of the association, shall have no individual liability for claims or policies written by the association.* (emphasis added)

N.J.Stat.Ann. 17:30E–7(e).

The parties have stipulated that State Farm was the servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association which insured plaintiffs' car under policy number J159–093–30. Stipulation of Facts # 3. *See also* Deposition of Richard J. Deniken at p. 6. attached to defendant's motion for summary judgment as Exhibit B. As the servicing carrier, State Farm issued policy number J159–093–30 to plaintiffs in State Farm's name and on behalf of the New Jersey Automobile Full Insurance Underwriting Association. Therefore, pursuant to N.J.Stat.Ann. 17:30E–7(b), (e), State Farm, as the servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association, is not liable for any claims made pursuant to policy number J159–093–30. Indeed, the New Jersey Automobile Insurance Underwriting Association Application which plaintiff completed and signed specifically states directly underneath the identification of the document the following conspicuous language:

Servicing carrier: State Farm Mutual Automobile Insurance Company. The Servicing Carrier is not liable for claims or for policies written by or on behalf of the Association.

Since State Farm is not liable as the servicing carrier for the Association for any claims made pursuant to policy number J159–093–30, judgment must be entered in favor of State Farm. Although this may seem a harsh result, as we interpret the clear meaning of the words of the contract of insurance, we note that plaintiffs are not left without recourse. Under N.J.Stat. Ann. 17:30E–7(b), plaintiffs may bring suit against the New Jersey Automobile Full Insurance Underwriting Association.