## Coates v. Nationwide Insurance Co.

*Gary Stewart Seflin*, for plaintiff.
*Katherine C. Douglas*, for defendant.

MASSIAH-JACKSON, *J.*, May 29, 2014—

## I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

On March 9, 2009, Ms. Inez Coates was driving her father's Mitsubishi Galant in Philadelphia, Pennsylvania. When she slowed her speed on the Schuylkill Expressway due to a disabled vehicle ahead, Ms. Coates' automobile

was hit from behind with great force by David Tamarchio's van. As a result of the impact the Mitsubishi Galant rolled over and skidded upside down on the highway, causing serious and permanent physical and emotional injuries to Ms. Coates.

Ms. Coates settled her claim against Mr. Tamarchio for his auto policy limit of $100,000.00. Nationwide Assurance Company insured the Mitsubishi Galant she was driving. The Underinsured Motorist Benefits of the policy are $15,000./$30,000. Ms. Coates presented a claim to Nationwide for $15,000. for underinsurance coverage. When Nationwide denied the claim, plaintiff-Coates initiated this litigation alleging breach of contract and bad faith.

On April 21, 2014, this court presided over the non-jury trial. The facts have been stipulated to by the parties. The single issue presented is the choice of law, that is, whether Pennsylvania law or Delaware law applies to plaintiff-Coates' underinsured motorist claim. The parties agree that if Pennsylvania law applies, then the Plaintiff is entitled to $15,000.00 on her underinsured motorist claim. The parties also agree that if Delaware law applies the plaintiff is not entitled to any recovery. The issue is a pure question of law. Now, in accordance with Rule 1038 of the Pennsylvania Rules of Civil Procedure this court submits its findings and conclusions in favor of defendant Nationwide Assurance Company, incorrectly designated as Nationwide Insurance Company.

## II. LEGAL DISCUSSION

In Pennsylvania, the appellate courts have devised a two-step process to resolve choice of law questions. In *Thibodeau v. Comcast Corporation*, 912 A.2d 874 (Pa. Superior Ct. 2006), the Superior Court explained at 912 A.2d 886:

"Pursuant to the Pennsylvania choice of law analysis, the first step requires a determination of whether the laws of the competing states actually differ. *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 702 (Pa.Super. 2000). If the laws do not differ, then a true conflict is not present and no further analysis is necessary. *Id.* In that case, we apply Pennsylvania law. If we determine that a true conflict is present, we must then analyze the governmental interests underlying the issue and determine which state has the greater interest in the application of its law to the matter at hand. *Id.*"

This flexible approach was first adopted by our Supreme Court in *Griffith v. United Airlines, Inc.*, 203 A.2d 796 (Pa. 1964), which held at 203 A.2d 805-806:

"Thus, after careful review and consideration of the leading authorities and cases, we are of the opinion that the strict lex loci delicti rule should be abandoned in Pennsylvania in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court. As said in *Babcock v. Jackson, supra,* 12 N.Y.2d at 481, 240 N.Y.S.2d at 749, 191 N.E.2d at 283, 'The merit of such a rule is that 'it gives to the place 'having the most interest in the problem' paramount control over the legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of the jurisdiction 'most intimately concerned with the outcome of [the] particular litigation'.' (*Auten v. Auten,* 308 N.Y. 155, 161, 124 N.E.2d 99,102, *supra.*)'" (footnote omitted)

The Griffith Rule... "a workable, fair and flexible approach to choice of law...." 203 A.2d 806, was initially applicable to tort cases. Pennsylvania choice of law decisions evolved to include contract actions in *Nationwide Mutual Insurance Co. v. Walter*, 434 A.2d 164 (Pa. Superior Ct.

1981).

In *Nationwide v. Walter, supra,* the Superior Court looked for the state that had the "most vital contacts with the policy of insurance." 434 A.2d at 167. Again, in *Caputo v. Allstate Insurance Co.,* 495 A.2d 959 (Pa. Superior Ct. 1985), the Superior Court looked to the contacts which each state had with the transaction involving the insurance policy. 495 A.2d at 962. Over the past thirty years, the law has become well-settled that:

a. When the issue in a litigation is coverage under an insurance policy, the case is a contract matter, *and,*

b. When the issue involves an insurance policy, points of contact to consider are each state's contacts with the insurance policy at issue and not with the underlying tort.

*See* generally, *Wilson v. Transport Insurance Co.,* 889 A.2d 563 (Pa. Superior Ct. 2005); *Nationwide Mutual Ins. Co. v. West,* 807 A.2d 916, 921 (Pa. Superior Ct. 2002). *See also,* Restatement (Second) Conflicts of Law §188.

In the case at bar it is apparent that Delaware has most of the relevant contacts. Delaware is the place where the insurance policy was negotiated and where it was contracted. Ms. Coates' father, Henry Coates, resides in Delaware. The policy was issued to give insurance protection to Mr. Coates and other permissive drivers as set forth in his policy. Additionally, Mr. Coates purchased the policy to comply with the requirements of Delaware's motor vehicle responsibility statutes. The location of the accident and mobility of the car is of less importance, because no matter where the car was driven or who was operating it, Mr. Coates had the right to expect that the laws of Delaware would apply. Conversely, Nationwide had the expectation to be bound by Delaware law in its

dealings with Mr. Coates. *See, Nationwide v. Walter*, *supra*, 434 A.2d at 168, noting, as here, that Pennsylvania had "no contact with the transaction involving the insurance policy. It was by mere happenstance that the automobile was involved in an accident while located in Pennsylvania."

Plaintiff-Coates' exhaustive review of her injuries, surgeries, medical treatments and domicile, reflects what our Superior Court has labeled "a blind adherence to the laws of the place where a tort arises," *Budtel Associates, LP v. Continental Casualty Co.*, 915 A.2d 640 at 644 (Pa. Superior Ct. 2006). That notion has been rejected by our Pennsylvania Appellate Courts. This trial court is not bound by the purported public policy analysis of *Parker v. State Farm Insurance Co.*, 543 F. Supp. 806 (E.D. Pa. 1982) which Pennsylvania has not adopted for insurance contracts.

## III. CONCLUSION

Where as here, the issues relate to the coverage provided under a policy of insurance and considering the contacts as they relate to the insurance policy, for all the reasons set forth above, this court finds and concludes in favor of the defendant-Nationwide.

## ORDER

And Now, this 29th day of May, 2014, after presiding at the trial held April 21, 2014, and, after considering the stipulation of facts and trial memoranda submitted by the parties and counsel, and, for the reasons set forth in the memorandum filed this date, this court finds and concludes that verdict is entered in favor of Nationwide Assurance Company, incorrectly designated as defendant Nationwide Insurance Company.