555 A.2d 168

John AZPELL, Appellant,

v.

OLD REPUBLIC INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 9, 1989.

Filed March 6, 1989.

Reargument Denied April 18, 1989.

Jeffrey M. Azpell, Upper Darby, for appellant.

Paul R. Bartolacci, Media, for appellee.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

MONTEMURO, Judge:

This is an appeal from the June 15, 1988, order of the Court of Common Pleas of Delaware County, wherein the

court vacated an arbitration award which had granted the appellant, John Azpell, a recovery of $15,000.00 against the Old Republic Insurance Company, the appellee. The trial court then entered judgment in favor of the Old Republic Insurance Company. We affirm.

The facts underlying the present appeal are not in dispute. In October of 1986, the appellant was injured when he was involved in a car accident while operating a vehicle owned and insured by his employer, Darby Township. Appellant's vehicle was struck by an uninsured motorist. At the time of the accident, the appellant was acting within the course and scope of his employment as a Darby Township police officer. Appellant therefore received workmen's compensation benefits from Darby Township for his medical bills and lost wages. Appellant then filed a claim for uninsured motorist benefits with Old Republic.[1] Old Republic had issued a Business Auto Policy to the Township of Darby for the period of January 1, 1986 through January 1, 1987, which provided uninsured motorist protection. When Old Republic refused to provide appellant with uninsured motorist benefits, the matter proceeded to arbitration in accordance with the terms of the insurance policy.

We have reviewed the transcript from the arbitration hearing which was conducted on November 11, 1987. During this hearing, the appellant argued that his receipt of workmen's compensation benefits was not his exclusive remedy with regard to his employer and his employer's insurance carrier. Appellant relied upon *Boris v. Liberty Mutual Insurance Company*, 356 Pa.Super. 532, 515 A.2d 21 (1986), an en banc decision of this Court which does support this position. Counsel for Old Republic acknowledged the *Boris* precedent, but emphasized that the question of whether the Workmen's Compensation Act[2] precludes an employee from recovering uninsured motorist benefits from his employer for a work-related automobile

1. Appellant apparently had no auto insurance policy of his own from which he could have sought to recover uninsured motorist benefits.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 *et seq.*

accident was then pending before the Pennsylvania Supreme Court. Counsel for Old Republic also pointed out that, prior to the *Boris* decision, panel decisions of the Superior Court had reached conflicting results on this issue.

Old Republic's petition to vacate the arbitration award included the following as grounds upon which the trial court could vacate the award:

1. The arbitrators committed an error of law in not finding that the sole remedy available to John Azpell was the Pennsylvania Workmen's Compensation Act ...

R.R. at 13a. The trial court vacated the arbitration award in reliance upon a decision of the Pennsylvania Supreme Court, handed down after the arbitrators had entered their award in the instant case. In *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), the Court reviewed three appeals, wherein "the courts below concluded that section 303(a) of the Workmen's Compensation Act immunized the employer from the employee's claim for uninsured motorist benefits." *Id.*, 517 Pa. at 464, 538 A.2d at 863. The *Lewis* Court held that an employee, injured in a work-related automobile accident, cannot recover uninsured motorist benefits from his employer, but must rely upon the Workmen's Compensation Act as the exclusive remedy against the employer for injuries sustained in the course and scope of employment. In the present case, the appellant first argues that the trial court lacked the requisite grounds to vacate the arbitration award, as set forth in 42 Pa.C.S.A. § 7314. This argument was also advanced by the appellant in his Statement of Matters Complained of on Appeal. We do not have the benefit of the trial court's resolution of this issue, however, because the trial court failed to address it in its opinion, filed July 28, 1988. This is indeed unfortunate because this issue is not without difficulty.

This case is governed by the provisions of the Uniform Arbitration Act of 1980, 42 Pa.C.S.A. § 7301 *et seq.* The insurance contract issued by Old Republic to Darby Township expressly provides that any arbitration "shall be con-

ducted in accordance with the Pennsylvania Uniform Arbitration Act." R.R. at 9a; 42 Pa.C.S.A. § 7302(a). The Arbitration Act of 1980 sets forth only five grounds upon which a court may properly review and vacate an arbitration award:[3]

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S.A. § 7314(a)(1). Although Old Republic has relied upon Section 7314(a)(1)(iii) in support of its position that the order of the trial court should be affirmed, we need not

---

**3.** The Uniform Arbitration Act of 1980 replaced the Uniform Arbitration Act of 1927. Under the 1927 Act, the trial court was authorized to review and to vacate arbitration awards which were "against the law, and ... such that had it been a verdict of the jury the court would have entered [a] different or other judgment notwithstanding the verdict." 5 P.S. § 171(d). This standard of review does appear in a provision of the 1980 Act which is inapplicable to the case at bar. *See* 42 Pa.C.S.A. § 7302(d). Sections 7302(d)(1)(i) and 7302(d)(1)(ii) require the Commonwealth government or a political subdivision, respectively, to have submitted a controversy to arbitration in order for the aforementioned standard of review to apply. Instantly, it is Old Republic Insurance Company, not the Commonwealth government or Darby Township, which is involved in a controversy with the appellant. *Cf. County of Centre v. Musser,* 519 Pa. 380, 548 A.2d 1194 (1988).

reach the issue of whether this section is applicable under the circumstances of this case. After careful review of the record before us and the applicable law, we find that Section 7314(a)(1)(i) supported the trial court's decision to vacate the arbitrator's award.

■ Section 7314(a)(1)(i) allows the trial court to vacate an arbitrator's award if such an award would be vacated under common law arbitration:

> The award of an arbitrator in a nonjudicial arbitration ... is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable, or unconscionable award.

42 Pa.C.S.A. § 7341. We are cognizant of the fact that important reasons underlie the narrow scope of review for common law arbitration awards. In *Cargill v. Northwestern National Insurance Co. of Milwaukee, Wisconsin*, 316 Pa.Super. 139, 142, 462 A.2d 833, 834 (1983), we stated:

> Arbitration is "designed to provide an expeditious and inexpensive method of resolving disputes with the further winning attribute of helping ease congested court calendars ..." *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 116, 299 A.2d 585, 589 (1973). Consequently, judicial review of an arbitration award is severely circumscribed. It must be so; otherwise, " 'arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally.' " *Allstate Insurance Co. v. Fioravanti, supra,* 451 Pa. at 114 n. 4, 299 A.2d at 589 n. 4 quoting *Westinghouse Air Brake Co. Appeal,* 166 Pa.Super. 91, 97, 70 A.2d 681, 684 (1950).

Thus, under the common law, the award of arbitrators will not be reversed even for a mistake of law. *Gallagher v. Educator & Executive Insurers*, 252 Pa.Super. 414, 381 A.2d 986 (1977). *See also* 42 Pa.C.S.A. § 7314(a)(2).

■ In the case presently before us, it may appear at first glance that the trial court erred in vacating the arbitration award because the arbitrators had, at most, made an error of law in determining that the Workmen's Compensation Act does not bar appellant's claim for uninsured motorist benefits. However, an exception to the narrow scope of review employed in common law arbitration cases has been recognized. First, in *United Services Automobile Association Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974), this Court was presented with a claim that a provision of the uninsured motorist clause contained in an insurance policy was repugnant to the Uninsured Motorist Coverage Act, 40 P.S. § 2000.[4] We held that the trial court had properly reviewed and vacated the arbitrators' award. After a review of a series of cases in which this Court or the Pennsylvania Supreme Court had reviewed the awards of arbitrators, we acknowledged the following rule of law:

> Thus the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable.

*Id.,* 227 Pa.Superior Ct. at 516, 323 A.2d at 741 (footnote omitted).

Following the decision of this Court in *United Services Automobile Association Appeal,* our Supreme Court granted allowance of appeal in a case which also involved a claim that an insurance policy provision, which defined an "uninsured automobile", was contrary to the Uninsured Motorist Coverage Act. This case, *Davis v. Government Employees*

---

**4.** The clause at issue in *United Services Automobile Association Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974), required that, if the insured had been injured by a hit-and-run automobile, the insured could not collect uninsured motorist benefits under the policy unless the hit-and-run automobile had made *physical contact* with the automobile occupied by the insured at the time of the accident.

*Insurance Company,* 500 Pa. 84, 454 A.2d 973 (1982), contains the following footnote:

> We must reject appellee's contention that the court of common pleas lacked authority to review the merits of the arbitrators' award. Where, as here, a claimant challenges a provision of an uninsured motorist clause as being contrary to statute, the court of common pleas may exercise jurisdiction over the claim. *See United Services Automobile Ass'n Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974).

*Id.,* 500 Pa. at 88 n. 5, 454 A.2d at 975 n. 5. The trial court's ability to review arbitration awards where uninsured motorist clauses are alleged to be contrary to constitutional, legislative, or administrative mandate, or against public policy, has been consistently recognized by this Court. *See Erie Insurance v. McGee,* 327 Pa.Super. 56, 474 A.2d 1171 (1984); *Greenspan v. United Services Automobile Association,* 324 Pa.Super. 315, 471 A.2d 856 (1984). In *Caputo v. Allstate Insurance Co.,* 344 Pa.Super. 1, 495 A.2d 959 (1985), appellant, a Pennsylvania resident, had been injured in a car accident which occurred in Pennsylvania. Appellant's vehicle was owned by appellant's father, a New Jersey resident, and insured under a policy issued to appellant's father in New Jersey. The other vehicle involved in the accident was an uninsured vehicle owned and operated by a Pennsylvania resident. The issue presented to this Court in *Caputo* was whether Pennsylvania law should apply, thus allowing appellant to recover $60,000, based on stacking the uninsured motorist benefits on four vehicles owned by appellant's father; or whether New Jersey law should apply, which precluded stacking, thus limiting appellant's uninsured motorist benefits to $15,000. The *Caputo* Court found the arbitration award reviewable because "appellant allege[d] that the arbitration award violate[d] the public policy of this Commonwealth which favors compensation of victims of uninsured motorists." *Id.,* 344 Pa.Superior Ct. at 5, 495 A.2d at 961 (footnote omitted).

In the case at bar, the arbitration award is reviewable because the award is claimed to be contrary to a specific provision of the Workmen's Compensation Act, Section 303(a),[5] and to the public policy that a worker's exclusive remedy against his employer for an injury sustained in the course and scope of employment is the Workmen's Compensation Act. In *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), our Supreme Court stated that "[s]o strong is the principle of exclusivity we have held that it is a nonwaivable defense, even when not timely raised." *Id.*, 517 Pa. at 472, 538 A.2d at 867 (citations omitted).

Turning now to the merits of appellant's claim, we find that the trial court was correct when it vacated the arbitrators' award. The Supreme Court in *Lewis, supra,* had to decide which of two statutes, the "Uninsured Motorist Act"[6] or The Pennsylvania Workmen's Compensation Act, controls whether an employee may recover uninsured motorist benefits from his employer for a work-related automobile accident. Emphasizing the clear mandate of Section 303(a) of the Workmen's Compensation Act, the *Lewis* Court held that an employee may only recover workmen's compensation benefits. This rule of law must also be applied instantly, even though it is Darby Township's insurer who has received appellant's claim for uninsured motorist benefits. Whether an employer is self-insured as to vehicle liability or insured through an insurance policy is a distinction without a difference. In both cases, the employee who has been injured in a work-related automobile accident may not take advantage of his employer's uninsured motorist benefits. The employer's liability has been limited by our Legislature to workmen's compensation benefits. "[T]he worker's loss of the right to recover pain-and-suffering damages from his employer was a major part of the consideration given to employers for being subjected to liability without fault under the workmen's compensation

5. 77 P.S. § 481(a).
6. This statute has no legislatively prescribed "short title."

statute." *Lewis, supra,* 517 Pa. at 473, 538 A.2d at 868. Recently, in *Roux Laboratories, Inc. v. Turner,* 843 F.2d 704 (3rd Cir.1988), the United States Court of Appeals for the Third Circuit, relying upon our supreme court's decision in *Lewis,* held that an employee, who was covered by provisions of Pennsylvania's Workmen's Compensation Act, could not pursue an arbitration claim for uninsured motorist benefits against her employer's insurance carrier, the Transportation Insurance Company ("TIC"). TIC had provided the employer with motor vehicle insurance coverage, including uninsured motorist coverage, at the time of the employee's auto accident.

Finally, we answer appellant's argument that the arbitrators' decision should not be disturbed because it was in accordance with the existing law of this Commonwealth at the time the arbitrators entertained appellant's case. While the appellate courts of this Commonwealth had not yet spoken on the issue at that time, it is clear that the law has always been contrary to the award made by the arbitrators. *Pasternak v. State Farm Mutual Automobile Insurance Company,* 350 Pa.Super. 448, 452–453, 504 A.2d 925, 927 (1986). Section 303(a) of the Workmen's Compensation Act was enacted in 1974. Thus, appellant's claim must fail.

Order affirmed.