570 A.2d 509

**Florence CHATHAM, an Individual,**

v.

**AETNA LIFE & CASUALTY COMPANY and State Farm Mutual Insurance Company.**

**Appeal of AETNA LIFE & CASUALTY COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1989.

Filed Dec. 13, 1989.

Reargument Denied Feb. 26, 1990.

Timothy J. Burdette, Pittsburgh, for appellant.

Loraine, S. Tabakin, Pittsburgh, for Chatham, appellee.

Frank M. Gianola, Pittsburgh, for State Farm, appellee.

Before McEWEN, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

·This case involves an appeal from the order of the Court of Common Pleas of Allegheny County granting judgment on the pleadings in favor of the plaintiff/appellee Florence Chatham (Chatham) and against the defendant/appellant Aetna Life & Casualty Company (Aetna).[1]  We affirm.

On October 25, 1988, Chatham filed a Complaint For Declaratory Judgment pursuant to 42 Pa.C.S. § 7513 *et seq.* Therein, she alleged that on November 8, 1984, she sustained serious injuries while driving a vehicle in the course of her employment.  In particular, she was struck in the rear by an uninsured motorist.

The plaintiff's employer carried uninsured motorist insurance on the vehicle with Aetna.  Also, the plaintiff was a named insured on two other uninsured motorist policies issued to her by State Farm Mutual Insurance Company. See footnote 1.

After the collision, Chatham pursued her workmen's compensation claim and is presently receiving remuneration thereunder.  Additionally, the plaintiff submitted a claim with Aetna for uninsured motorist benefits.  But she was refused such coverage by Aetna, which did so on the basis of the Supreme Court's ruling in *Lewis v. School District of*

1. State Farm Mutual Insurance Company was a defendant below. However, with the lower court's entry of judgment on the pleadings against Aetna only, State Farm is not a party to the present appeal. Reference to State Farm is for informational purposes in reciting the facts as appear in the record.

*Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988). It was Aetna's contention that under *Lewis,* an employee injured in the course of his/her employment was limited to recovery under the provisions of the Workmen's Compensation Act,[2] and he/she could not also recover uninsured motorist benefits through the employer's carrier.

Because of the existence of a bonafide question of law concerning whether the *Lewis* ruling controlled the plaintiff's claim, she requested the entry of a declaratory judgment by the court to resolve the controversy.

In response to the declaratory judgment requested, Aetna filed an answer and new matter in which it admitted declining to pay uninsured motorist benefits under an insurance policy issued to the plaintiff's employer. It did so on the basis of the Workmen's Compensation Act (see 77 P.S. § 481) being the sole and exclusive liability of an employer or its insurance company in the payment of benefits to an employee/claimant, *i.e.,* Aetna, as an insurer for the plaintiff's employer, could not be subject to liability for the payment of any sums other than those benefits called for under the Workmen's Compensation Act.

The plaintiff filed a reply to Aetna's new matter claiming that the allegations made were conclusions of law to which no response was required. Likewise, State Farm filed an answer in which it asserted, *inter alia,* that Aetna had primary coverage for payment of the uninsured motorist benefits. Thereafter, a Motion For Judgment On The Pleadings was filed by the plaintiff in which she asserted that, since none of the insurers denied issuing uninsured motorist policies covering the plaintiff, and because no issues of fact remained in dispute, a declaratory judgment on the pleadings was appropriate for the court to consider and enter.

In the plaintiff's memorandum in support of the judgment on the pleadings, she remarked that because the collision occurred less than six weeks after the effective

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 *et seq.*

date of the Motor Vehicle Financial Responsibility Law (MVFRL),[3] it governed the case. Moreover, the plaintiff urged that the *Lewis* decision did not control the matter to be decided because it dealt with the former "No–Fault" insurance law, which was repealed and superseded by the MVFRL. And, of importance to the lower court's decision, the plaintiff pointed out that the MVFRL provided that no right of subrogation would be permitted to reduce a claimant's tort recovery with regard to workmen's compensation benefits. See 75 Pa.C.S. § 1720.

A cross motion for judgment on the pleadings was submitted by Aetna in which it reiterated its belief that the Workmen's Compensation Act provided the sole and exclusive remedy which an employee has against the employer or its insurer, citing 77 P.S. § 482.

A brief was likewise filed by Aetna in support of its contentions, primary of which was the exclusivity of the Workmen's Compensation Act (see 77 P.S. § 481(a)) as buttressing its belief that it was not obligated to pay an employee uninsured motorist benefits through his/her employer's insurance coverage where an uninsured motorist was involved and workmen's compensation benefits were being received by the employee/claimant. Again, it cited *Lewis*, supra.

The lower court, after reviewing the pleadings, the briefs and oral argument heard, granted the plaintiff's judgment on the pleadings. It did so on the basis that: (1) in *Lewis*, unlike the case here, the court was dealing with employers who were self-insured; and (2) in *Lewis*, the court concluded that the Workmen's Compensation Act was amended subsequent to the Uninsured Motorist Act[4] under which the case was brought and controlled the outcome. Thus, the Workmen's Compensation Act took precedence. In contrast, instantly the MVFRL was promulgated subsequent to the Workmen's Compensation Act, and, therefore, the MVFRL, which nowhere precluded an employee from recovering

3. 75 Pa.C.S. § 1701 *et seq.*
4. Act of August 14, 1963, P.L. 909, § 1, *as amended,* 40 P.S. § 2000.

from an employer's insurance carrier when insured to recover from an uninsured tortfeasor, controlled. Finally, (3) because the action of the employee was not an action against the employer, but rather against a negligent tortfeasor, the conduct was within the scope of the MVFRL and did not foreclose the employee from securing both workmen's compensation and uninsured motorist benefits through the employer and its insurer. So wrote the court below.

Once a praecipe for entry of judgment to the prothonotary of Allegheny County was filed by Aetna, a timely appeal was perfected challenging the entry of the order granting judgment on the pleadings to the plaintiff and against the defendant Aetna.

The sole issue raised for our consideration is whether the Workmen's Compensation Act takes precedence over the MVFRL so as to preclude the plaintiff/employee from recouping uninsured motorist benefits through her employer's insurance policy with Aetna, or is she entitled under the case law to recover both workmen's compensation benefits and uninsured motorist benefits via her employer's policy of insurance?

In making our determination, we are guided by the Supreme Court's ruling in *Selected Risks Ins. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989). In *Thompson*, the insurer had issued a "Business Auto Policy" in the name of a volunteer fire department covering several vehicles operated by the department. The policy also provided for uninsured motorist coverage, as required by the then extant Uninsured Motorist Act. No individuals were specified as named insureds.

On April 15, 1982, a volunteer firefighter with the department, while on duty, was injured in a collision with an automobile driven by an uninsured motorist.

The matter had been submitted to arbitration for resolution. An award was entered in favor of the volunteer fireman. However, by the time the arbitration proceeding

took place, the injured fireman had received workmen's compensation benefits from another insurance company, which were paid pursuant to a policy issued to the borough for which the fireman volunteered his service.

When the fireman sought to recover the uninsured motorist benefits the insurer refused to pay, and the matter was arbitrated, as just mentioned, in favor of the fireman. In deciding the case, one of the issues the Supreme Court addressed was the insurer's inquiry of whether it should be permitted to reduce the uninsured motorist benefits to be paid by the amount of workmen's compensation benefits received by the fireman.

Because the insurer provided in its insurance policy the ability to set-off for insurance paid all sums paid or payable under any workmen's compensation, the Court had to decide whether such clause and unambiguous contractural language was void as being contrary to public policy.

In the course of reversing the portion of Superior Court's appealed order allowing the insurer the right to offset such payments against insurance benefits paid the claimant, the Supreme Court endorsed a contrary position held by some of our sister states on the subject, and it garnered from such out-of-state rulings the following justification for following suit; to-wit:

> ... first, uninsured motorist coverage is paid for by a separate premium, and to give the uninsured motorist carrier a set-off based on the fortuitous existence of a collateral source would result in a windfall to the carrier; second, uninsured motorist coverage is mandated by statute and any variation from that statutory mandate should come from the legislature; third, workmen's compensation only covers a fraction of what tort damages would cover, (e.g. workmen's compensation does not provide 100% of wage loss coverage, nor pain and suffering, nor other consequential damages) and a dollar-for-dollar set-off does not recognize this rarity; and fourth, there is no

public policy against an individual purchasing additional uninsured motorist coverage to protect himself and his family against the shortfall which could result from a dependency on workmen's compensation benefits.

We think that all of these reasons are sound and on these alone we are inclined to void this provision. *However, there is a more compelling reason. In the new Motor Vehicle Financial Responsibility Law,*[31] *which contains the current Uninsured Motorist Law, the General Assembly has spoken clearly on this issue. In section 1735 the law provides:*

> *The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any worker's compensation benefits payable as a result of the same inquiry.*

*75 Pa.C.S. § 1735 (emphasis added). Although this act took effect after the incident here at issue, and therefore is controlled as a statute, it is certainly a persuasive statement of what the legislature perceives as the appropriate public policy in dealing with such set-offs. Therefore, we have no hesitation in striking this provision as void.*

---

[31] Act of February 12, 1984, P.L. 26, No. 11, § 3, 75 Pa.C.S. § 1735.

520 Pa. at 143 & n. 31, 552 A.2d at 1388 & n. 31 (Emphasis added in part).

Although the issue posed for our perusal has yet to be decided on its merits by the Pennsylvania Supreme Court, we would be remiss and myopic in our reading of *Thompson* if we failed to acknowledge that Court's endorsement of the MVFRL superceding the previously enacted Uninsured Motorist Act. Therefore, we take our direction from *Thompson,* the most recent pronouncement from the high court revealing that the MVFRL can be interpreted to sanction, in graphic terms, the Legislature's condonation of

a claimant/employee's right to secure both workmen's compensation and uninsured motorist benefits resulting from work related injuries.

We read *Thompson* to approve the payment of claims for benefits originating, and subject to obtainment by a claimant, through the workmen's compensation scheme of recovery and the uninsured motorist policy obtained by an employee's employer. In other words, the high court having spoken on the issue to be resolved, albeit in glancing terms, we read *Thompson* to embrace the action we take today.[5]

Accordingly, because the *Thompson* decision, as we read it, is clear on the issue appealed, in addition to the MVFRL (as to dual recovery) being later in time than Pennsylvania's Workmen's Compensation Law's exclusivity bar (see *Lewis*, supra, 517 Pa. at 469–71, 538 A.2d at 866), we have no reluctance in affirming the lower court's judgment on the pleadings.[6]

Judgment affirmed.

---

5. To the extent that the insurer proffers cases to alter our stance, we feel confident that *Thompson* provides the guide posts to follow in this case.

6. To elaborate upon what was stated in footnote 5, we do not read *Azpell v. Old Republic Ins. Co.*, 382 Pa.Super. 255, 555 A.2d 168 (1989), to control in the case instantly. Especially given the language utilized in *Thompson* to approve of the MVFRL's allowance of dual recovery, *i.e.*, workmen's compensation and uninsured motorist benefits, even though both have their genesis in a work-related injury for which compensation is sought, at least in part, through the employer's policy of automobile insurance made applicable because of the claimant/employee's use of a company vehicle while sustaining injury.