575 A.2d 631

**Barbara ODOM and Jerome Odom, Appellant,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY and Keystone Insurance Company, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1989.

Filed May 21, 1990.

Petition for Allowance of Appeal Granted Sept. 4, 1990.

Robert C. Ward, Erie, for appellant.

Wallace J. Knox, Erie, for Carolina Cas., appellee.

John W. McCandless, Erie, for Keystone Ins., appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

KELLY, Judge:

Appellants, Barbara and Jerome Odom, appeal from an order issued by the Common Pleas Court of Erie County which granted appellee, Carolina Casualty Insurance Company's motion for summary judgment and denied defendant, Keystone Insurance Company's preliminary objections in the nature of a demurrer. We reverse.

The underlying facts of this appeal were accurately set forth in the trial court opinion as follows:

Plaintiff, Barbara Odom, an employee for The Erie Metropolitan Transit Authority (hereinafter EMTA), was injured during the course of her employment on February 4, 1988, when a bus she was driving for EMTA was struck by a hit and run vehicle. The bus was owned by EMTA and insured under a fleet motor vehicle liability insurance issued to EMTA by Defendant Carolina Casualty Insurance Company. As mandated by Section 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. Section 1731, their policy contained uninsured coverage. Ms. Odom was an insured under that policy. Ms. Odom was also an insured under a motor vehicle liability insurance policy issued to her by Defendant Keystone Insurance Company for her personal vehicles. As mandated by Section 1731, this policy also contained uninsured coverage.

Ms. Odom received workers' compensation benefits from EMTA's workers' compensation insurance carrier for the injuries she sustained in the accident of February 4, 1988. Plaintiffs commenced this matter by filing a Petition to Compel the Defendants to arbitrate their uninsured motorist coverage. Defendant Keystone Insurance Company filed preliminary objections in the nature of a demurrer to the petition on the grounds the policy issued by Defendant Carolina Casualty Insurance Company took priority over its policy by reason of section 1733 of the Motor Vehicle Financial Responsibility Act. Defendant

Carolina Casualty Insurance Company filed a motion for summary judgment on the grounds Section 303(a) of the Workman's Compensation Act, 77 Pa.C.S. Section 481(a), bars Plaintiffs from recovering uninsured benefits under the policy issued to EMTA. Plaintiffs filed a motion for summary judgment against Defendant Carolina Casualty Insurance Company on the grounds they are not barred by Section 303(a) from recovering uninsured benefits. Trial Court Opinion at 2–3. The trial court granted appellee, Carolina Casualty Insurance Company's motion for summary judgment and denied defendant, Keystone Insurance Company's preliminary objections in the nature of a demurrer. This timely appeal followed.

On appeal, appellant raises the following issue for our review:

Whether the lower court erred by not requiring the fleet insurance carrier for an employer to provide uninsured motorist coverage for an employee injured in the course of her employment?

(Appellant's Brief at 3).

The trial court granted the appellee's motion for summary judgment on the basis of this Court's interpretation of our Supreme Court's holding in *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), where the Supreme Court held that under the since repealed and superseded "no-fault" insurance law that Workmen's Compensation was the employee's exclusive remedy against an self-insured employer for injuries sustained in the course and scope of his employment, and hence, an employee could not recover uninsured motorist benefits from an employer for a work-related automobile accident with an uninsured motorist. This Court interpreted *Lewis* in *Azpell v. Old Republic Insurance Company*, 382 Pa.Super. 255, 555 A.2d 168 (1989), to also preclude an employee from recovering uninsured motorist benefits from an employer's automobile insurance carrier as well.

The trial court stated that the holdings in *Lewis* and *Azpell* cases was the controlling law in this case and the

court was constrained to follow these holdings and grant appellee's motion for summary judgment. We disagree.

Recently, in an excellent opinion, authored by the learned judge, the Honorable Zoran Popovich, a panel of this Court held in *Chatham v. Aetna Life and Casualty Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989), that the Motor Vehicle Financial Responsibility Law, which was promulgated subsequent to the Workmen's Compensation Act and which allows recovery of both workmen's compensation benefits and uninsured motorist benefits, takes precedence over the Workmen's Compensation Act, and that an employee who is injured in a motor vehicle accident with an uninsured motorist, while in the scope of his employment, is entitled to recover both workmen's compensation benefits and uninsured motorist benefits via her employer's insurance policy.

Judge Popovich based his opinion upon our Supreme Court's recent endorsement of an employee's right to secure both workmen's compensation and uninsured motorist benefits for injuries suffered in a work-related auto accident in *Selected Risks Insurance v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989). In *Selected Risks* the court stated that under the terms of the new Motor Vehicle Financial Responsibility Law which provides:

> The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

75 Pa.C.S.A. § 1735; an employee is not barred from recovering uninsured motorist benefits from an employer's uninsured motorist carrier.

We find that the law set forth in *Thompson* and *Chatham*, and not *Lewis* and *Azpell*, is controlling in the instant case. Accordingly, we hold that the trial court erred in granting appellee's motion for summary judgment on the basis that the appellant was not permitted to recover uninsured motorist benefits from her employer's fleet motor vehicle liability insurance carrier.

Based upon the foregoing, the trial court's order with regard to appellee's motion for summary judgment is vacated and the case is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.