MUNLEY, J.,
Before the court is a petition filed by plaintiffs herein for a declaratory judgment, pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §7531-7541, seeking a judicial determination as to whether or not defendant, Semcheski, can proceed with underinsurance arbitration. It should be noted at the outset that this is a case of first impression. We find that there is no controlling precedent in Pennsylvania upon which we can rely in making our decision. The issue before the court of whether an insured must satisfy all claims against all defendants before the insured can *433 make a claim for underinsurance has not been addressed in this jurisdiction.
A non-juiy trial was held before this court on September 5, 1990, at which time the parties stipulated to an agreed statement of facts as follows: On December 19, 1985, defendant, Eugene Semcheski, was involved in a motor vehicle accident while he was acting within the scope and course of his employment for GAB Business Services Inc. As a result of this accident, Semcheski sustained an injury to his right knee. Defendant, Semcheski, brought a third-party action against the other driver, Mr. Grabner, and against PennDOT. Defendant, Semcheski, settled his third-party action against Mr. Grabner for the policy limit totaling $25,000. This settlement was consummated with the consent of plaintiffs, GAB and The Hartford. Defendant Sem-cheski settled with PennDOT for $27,500; however, this settlement was entered into without the consent of GAB and The Hartford. Concurrently with this civil action, defendant filed a workers’ compensation claim under the Pennsylvania Workmen’s Compensation Act. Said claim was uncontested and to date, Semcheski has been paid temporary disability and medical benefits.
In the matter sub judice, defendant Semcheski has made a claim for underinsurance coverage afforded by The Hartford Insurance Company on the GAB Business Services’ motor vehicle that defendant was driving when he was involved in the accident. Plaintiffs contend that defendant’s claim for unde-rinsurance benefits is contrary to public policy and directly contravenes section 303(a) of the Workmen’s Compensation Act, 77 P.S. §481(a), in that section 481(a) mandates that an employee’s exclusive remedy for an injury sustained in the course and scope of his employment is the act. Plaintiff relies *434 solely on the Azpell case to support its contention that the act is the exclusive remedy. Azpell v. Old Republic Insurance Co., 382 Pa. Super. 255, 555 A.2d 168 (1989). Relying on the Pennsylvania Supreme Court’s decision in Lewis, the court in Azpell concluded that section 303(a) of the act immunized the employer from the employee’s claim for uninsured motorist benefits. Lewis v. School District of Philadelphia, 517 Pa. 461, 538 A.2d 862 (1988).
We find defendant’s argument that the act is the exclusive remedy to be an incorrect reading of current law. In making our determination, we are guided by the recent pronouncement of the high court on this position, wherein the court held, inter alia, that a claimant is entitled to recover both workers’ compensation benefits and uninsured motorist benefits by way of an employer’s policy of insurance. Selected Risks v. Thompson, 520 Pa. 130, 552 A.2d 1382 (1989); see also, Chatham v. Aetna Life Casualty Co., 391 Pa. Super. 53, 570 A.2d 509 (1989). We read Thompson to approve the payment of claims for benefits through the workers’ compensation scheme of recovery and the underinsured motorist policy obtained by an employee’s employer. We submit that this is dispositive and supplanted the earlier decisions in Azpell and Lewis. In accord with the Thompson decision, courts in subsequent cases have continued to hold that an individual can collect underinsured or uninsured motorist benefits in addition to workers’ compensation benefits from an employer. See generally, Odom v. Carolina Casualty Insurance Co., 394 Pa. Super. 283, 575 A.2d 631 (1990). Thus we find the current case law to be consistent with our holding that coverage required by underinsurance cannot be made subject to an exclusion because of workers’ *435 compensation benefits. American National Fire Insurance Co. v. Stewart, 709 F.Supp. 641 (E.D. Pa. 1989).
Further and more compelling is the enactment of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., which was promulgated subsequent to the act. The provisions of the MVFRL provide a separate source of recovery for employees injured by a motorist that is independent of the exclusive remedy for work-related accidents provided under the act. The MVFRL, as it pertains to this issue, takes precedence over the act and allows for recovery of both workers’ compensation benefits and underinsured benefits.
In commencing our discussion on the question of preclusion, plaintiff argues that defendants are precluded from pursuing their underinsured motorist claim against the employer’s insurance carrier because of failing to receive the consent to settle with PennDOT and for failing to settle for the policy limits with PennDOT. This question of whether an insured must satisfy all claims against all defendants before the insured can make a claim for underinsurance is without precedent in Pennsylvania. On the face of the insurance policy, an injured party must exhaust the liability coverage under the policies covering all motor vehicles involved in the accident before making a claim for underinsurance benefits. However, it is clear that PennDOT cannot be categorized as a motor vehicle in the context outlined below. According to the language in the provisions of the MVFRL, the section reserving certain procedures for underinsurance claims is applicable to motor vehicles. Moreover the MVFRL prohibits the issuance and delivery of any motor vehicle liability insurance policy unless underinsured, as well as *436 uninsured, motorist coverage is provided. Section 1731 provides:
“Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefore from owners or operators of underinsured motor vehicles. ” (emphasis supplied)
This clear legislative mandate is unaccompanied, however, by an equally clear definition of underin-sured coverage. We are required to refer back to section 1702 which defines an underinsured motor vehicle as “a motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages.” (emphasis supplied) The above statutory enumeration demonstrates that PennDOT is essentially a non-motorist tort-feasor. We must interpret the words and phrases used in the statute to have the meaning given to them by the legislature unless the context clearly indicates otherwise. 75 Pa.C.S. §1702. Thus, pursuant to the statute, we find defendant’s third-party claim against PennDOT, a non-motorist, irrelevant to defendant’s claim for underinsurance. Similarly, the requirement of consent before settlement is inapplicable to PennDOT.
Finally and most significant is the question of whether, under the provisions of the MVFRL, plaintiff is entitled to reduce the underinsured motorist benefits by the amount paid on behalf of a third-party tort-feasor. Plaintiff posits that the liability for payment of underinsured motorist benefits is limited by an offset clause included in the provisions of the policy, which provides in pertinent part:
“Any amount payable under this insurance shall be reduced by all sums paid or payable under any workers’ compensation. . .”
*437 We vehemently disagree; to adhere to plaintiffs position would require us to improperly abridge a substantive right of an insured. The Supreme Court has endorsed the position held by some of our sister states, due to the dearth of case law in Pennsylvania, on the subject and it garnered from such out-of-state rulings the following justification for following suit; to-wit:
“[Fjirst, uninsured motorist coverage is paid for by a separate premium, and to give the uninsured motorist carrier a set-off based on the fortuitous existence of a collateral source would result in a windfall to the carrier; second, uninsured motorist coverage is mandated by statute and any variation from that statutory mandate should come from the legislature; third, workers’ compensation only covers a fraction of what tort damages would cover, (e.g. workers’ compensation does not provide 100 percent of wage loss coverage, nor pain and suffering, nor other consequential damages) and a dollar-for-dollar set-off does not recognize this rarity; and fourth, there is no public policy against an individual purchasing additional uninsured motorist coverage to protect himself and his family against the shortfall which could result from a dependency on workers’ compensation benefits.” Thompson, supra; Chatham, supra.
As further support of this position, Title 75 Pa.C.S. §1735 of the MVFRL, which contains the current Underinsured Motorist Law, provides:
“The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any worker’s compensation benefits payable as a result of the same inquiry.”
Finally, under the MVFRL, specifically section 1720, we find there is no right of subrogation or reimbursement from a claimant’s tort recovery with *438 respect to workers’ compensation benefits. Walters v. Kamppi, 118 Pa. Commw. 487, 545 A.2d 975 (1988). Ergo, it is apparent from the above-cited language of the MVFRL, that the automobile policy-clause is void as contrary to statute and public policy. To permit set-off provisions, which have the effect of reducing underinsured motorist coverage, would frustrate the legislative intent that underin-sured insurance motorist coverage be a requirement in this Commonwealth. Limitations of this coverage should be effected only in accord with legislative directives. Hence the excess automobile liability insurer, The Hartford, is not entitled to an equitable setoff of the amount paid to the insured by a third-party tort-feasor in excess of statutory limitation on recovery of underinsured motorist benefits.
Moreover, we determine issues of exhaustion of policy limits and consent to settle as fundamentally questions of arbitration. Rocca v. Pennsylvania General Insurance Co., 315 Pa. Super. 67, 516 A.2d 772 (1986); Snyder v. Nationwide Insurance Co., 373 Pa. Super. 294, 541 A.2d 19 (1988); and Nagle v. Allstate Insurance Co., 358 Pa. Super. 82, 516 A.2d 1191 (1986).
Accordingly for the foregoing reasons, we direct plaintiffs to appoint an arbitrator so that defendant can proceed with his underinsurance claim. An appropriate order will be entered.
ORDER
Now, December 11, 1990, the court finds defendant’s claim to recover both workers’ compensation benefits and underinsured motorist benefits via his employer’s insurance policy to be valid. Plaintiff *439 insurer is directed to appoint an arbitrator and proceed with defendant’s underinsured motorist claim.