## The Pyrites Company v. Century Indemnity Company

*Michael Conley, Pamela D. Hans* and *Darin J. McMullen,* for plaintiff.

*Peter F. Rosenthal* and *Patricia B. Santelle,* for defendants.

SHEPPARD JR., *J.,* December 12, 2007—Before this court are two motions for partial summary judgment filed by plaintiff, The Pyrites Company Inc., and a cross motion for partial summary judgment filed by defendants, Century Indemnity Company et al. For the reasons discussed, the cross motion for partial summary judgment filed by Century is granted with respect to the count for breach of fiduciary duty. That count is dismissed. Otherwise, the motions are denied. Genuine issues of material fact preclude a ruling on those remaining motions.

# I. BACKGROUND

Pyrites seeks indemnification for its past, present and future costs to clean up two contaminated industrial sites located in the state of Delaware. The two sites are commonly known as the Potts and Halby sites.

Pyrites owned and operated the Potts site as an ore refining facility from 1916 to the 1970s. Concurrently, Pyrites also owned a section of the Halby site that included a tidal marsh known as the Lagoon. Today the Potts and Halby sites, including the Lagoon, are contaminated with arsenic. Following the discovery of the contamination, the Delaware Department of Natural Resources and Environmental Control (DNREC) placed the Potts site under its jurisdiction; similarly, the Environmental Protection Agency (EPA), having jurisdiction over all tidal marshes, asserted its jurisdiction over the Halby site and its Lagoon. Pyrites, in an effort to avoid prosecution by the local and federal authorities, agreed to participate in the remediation plans administered by DNREC and the EPA.

Pyrites asserts that it was insured by Century or by Century's predecessors from 1966 to 1974, and that the pertinent four general liability policies provide coverage for the costs of cleaning up the Potts and Halby sites. Pyrites asserts that it notified Century of the Potts and Halby sites environmental claims in 1991 and 1993 respectively, but that Century refused to defend or indemnify. Consequently, Pyrites sued Century for breach of contract (Count I), violation of 42 Pa.C.S. §8371 (Count II), and breach of fiduciary duty (Count III).

## II. CENTURY'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT IS GRANTED AS TO COUNT III (BREACH OF FIDUCIARY DUTY)

Century seeks to dismiss Count III of the complaint by asserting, inter alia, that under Delaware law there is no fiduciary relationship between insurer and insured. This court, upon a choice-of-law analysis, agrees.

### a. *Choice-of-Law Analysis*

In Pennsylvania, a court engaged in choice-of-law analysis must first determine whether the laws of the competing state differ from those of the forum state.[1] If the court finds no difference, then any further analysis becomes unnecessary.[2] However, if the court determines that a conflict of laws exists, then the court must "analyze the governmental interests underlying the issue" to identify the state with the "greater interest in the application of its laws."[3] In resolving conflict-of-law issues in insurance contract cases, Pennsylvania follows the "flexible conflicts methodology." Under this methodology, the court must apply the law of the state with the most significant contacts or relationships with the particular issue.[4] In applying this process, the court does not simply count the parties' contacts with the competing states; rather, it identifies the jurisdiction with the greater inter-

---

1. *Ratti v. Wheeling Pittsburgh Steel Corp.,* 758 A.2d 695, 702 (Pa. Super. 2000).
2. *Id.*
3. *Id.*
4. *Caputo v. Allstate Insurance Co.,* 344 Pa. Super. 1, 6, 495 A.2d 959, 961 (1985).

est by measuring the quality of each contact.[5] However, the court will not engage in a choice-of-law analysis indiscriminately; instead, the court will proceed with this analysis only in the presence of conflicts of substantive law—namely, in the presence of laws which fix the parties' rights and duties to a judicial proceeding, as opposed to procedural laws which lay down how the parties may have their rights enforced, and their duties imposed, in a judicial proceeding.[6]

Here, application of the "flexible conflicts methodology" reveals that Delaware is the state with the greater interests in the application of its laws because the quality of the parties' contacts with Delaware outweighs the quality of any contact with Pennsylvania. First, at the time when the policies were issued, Pyrites was a Delaware, not a Pennsylvania corporation; second, the alleged contamination-affected industrial sites are located entirely in Delaware; and third, the DNREC, not an equivalent Pennsylvania agency, asserted jurisdiction over the contamination. In short, although Century is a Pennsylvania corporation, the quality of the parties' contacts with Delaware requires application of that state's substantive law.

### b. *The Delaware Law on Fiduciary Duty*

In Delaware, an insurer owes no fiduciary duty to the insured.[7] In fact, "the term fiduciary duty overstates the essential relationship arising out of a contract of insur-

---

5. *Id.*

6. *Wilson v. Transportation Insurance Co.,* 889 A.2d 563, 571 (Pa. Super. 2005).

7. *Crosse v. BCBSD Inc.,* 836 A.2d 492, 494 (Del. 2003).

ance."[8] Thus, the "concept of a fiduciary relationship, which derives from the law of trusts, is more aptly applied in legal relationships where the interests of the fiduciary and the beneficiary incline toward a common goal in which the fiduciary is required to pursue solely the interests of the beneficiary in the property."

In *Corrado, supra,* the insured agreed to pay retroactive insurance premiums to the insurer, Hartford, based on the annual amounts of workmen's compensation claims paid by that carrier. Following presentation of a certain claim of injury, and after investigation, Hartford paid the claim and submitted a retroactive bill to Corrado for the full amount. Corrado refused to pay on grounds that a claim capable of triggering a retroactive premium must "be measured by the standards of a fiduciary."[9]

In denying the existence of a fiduciary duty, the Supreme Court of Delaware reasoned that "[t]he relationship of insurer and insured . . . arises contractually with each party reserving certain rights under the contract, the resolution of which often leads to litigation [and that] . . . [t]his expected clash of interests is clearly not compatible with the concept of fiduciary." In short, the court reasoned that the parties' interests in an insurance contract do not align, and that such asymmetry of interests negates the formation of a fiduciary duty.[10]

---

8. *Corrado Brothers Inc. v. Twin City Fire Insurance Co.,* 562 A.2d 1188, 1192 (Del. 1989).

9. *Id.* at 1190-92.

10. *Id.*

Similarly here, Pyrites and Century, between 1966 and 1974, entered into four separate insurance contracts that carved out certain asymmetrical rights between the two parties. Consequently, under the law of Delaware, the contractual relationship between Century and Pyrites precluded not only a perfect alignment of interests, but also the formation of a fiduciary duty between the two parties.

For these reasons, this court finds that under the law of Delaware there is no fiduciary duty between Century and Pyrites under the pertinent insurance contracts. Consequently, Century's cross motion for partial summary judgment is granted as to Count III. The court will enter a contemporaneous order consistent with this opinion.[11]

## ORDER

And now, December 12, 2007, upon consideration of plaintiff's and defendants' cross motions for partial summary judgment, the respective memoranda in support and opposition, all matters of record, and after oral argument and in accord with the opinion filed contemporaneously with this order, it is ordered that:

(1) the motion for partial summary judgment no. 032230, filed by plaintiff The Pyrites Company Inc., is denied;

(2) the motion for partial summary judgment no. 032232, filed by plaintiff The Pyrites Company Inc., is denied;

---

11. The remaining motions implicate disputed issues of material fact.

(3) the motion for partial summary judgment no. 032198, filed by defendants Century Indemnity Company et al., is denied in part and granted in part, and the claim of breach of fiduciary duty asserted against defendants is dismissed.